[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
The plaintiff, Gilbert W. Foote, entered into a purchase and sale agreement with the defendants, Daniel J. Shea, Jr. and Sheila A. Shea for the property located at 202 Pennsylvania Ave., Niantic, Connecticut.
The plaintiffs allege that the defendants agreed to make certain repairs to the premises pursuant to a home inspection report prior to the closing date. The plaintiffs further allege that at the time of closing the plaintiff discussed the necessary repairs with the defendant Daniel Shea and was told that arrangements would be made to have the work done.
After the closing of title, however, the plaintiff failed to hear from the defendants and after repeated efforts to make contact, the plaintiff had the repairs performed at his own expense.
On October 6, 1998, the plaintiff filed a two count amended complaint alleging breach of an express contract (count one) and breach of an implied contract (count two).
On December 31, 1998 the defendants filed a motion to strike count two of the amended complaint along with a supporting memorandum of law. On March 16, 1999, the plaintiff filed a motion in opposition and a memorandum of law in support.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . [W]e must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael. Inc. v. Sea Shell Associates,244 Conn. 269, 270-71, 709 A.2d 558 (1998).
The defendants argue that "if there was an express contract (as the plaintiff alleges in the First Count), which express contract covers the parties' rights and obligations, they cannot, as a matter of law, succeed on their claim for implied contract."
In opposition, the plaintiff argues that under Connecticut law a party may plead alternate counts which may be inconsistent, and therefore, he is entitled to plead the existence of both an express and implied contract.
"[I]t is permissible for a plaintiff to seek recovery under the facts alleged based on incompatible legal theories . . . If two such theories of recovery are asserted in the same action, it is for the trier of fact to determine whether the plaintiff has proved both, neither, or only one of them." (Citation omitted.)Colby v. Burnham 31 Conn. App. 707, 719, 627 A.2d 457 (1993). See also Dreier v. Upjohn Co., 196 Conn. 242, 245, 492 A.2d 164
(1985)("Under our pleading practice, a plaintiff is permitted to advance alternative and even inconsistent theories of liability against one or more defendants in a single complaint"); Burns v.Koellmer, 11 Conn. App. 375, 386, 527 A.2d 1210 (1987). CT Page 7708
The defendants assert that because the plaintiff had an express contract with them, no implied contract could exist. The defendants cite Collins v. Lewis, 111 Conn. 299, 149 A. 668
(1930), for the proposition that "an implied contract can only exist where there is no express one." This language means only that two parties may not simultaneously have an express and implied agreement with one another. Here, the plaintiff has alleged breach of an express contract (count one), and breach of an implied contract (count two) as alternative causes of action. As previously noted, pleading alternative theories of liability is procedurally proper.
Hence, since the determination of "[w]hether and on what terms a contractual commitment has been undertaken are ultimately questions of fact for the trier of facts," Sivilla v. PhilipsMedical Systems of North America. Inc., 46 Conn. App. 699, 708,700 A.2d 1179 (1997), the motion to strike is denied.
Mihalakos, J.